■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK L. SMITH, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Appeal from an order denying an application for a writ of habeas corpus. The relator sought to be resentenced as a first offender contending that at the time of his sentence in 1934 the court failed to comply with section 480 of the Code of Criminal Procedure in not asking him if there was any legal cause why sentence should not be pronounced against him. There is submitted a certified copy of the statement taken prior to sentencing on January 12, 1934 in the Kings County Court which after setting forth various answers to questions contained therein, there is the following: "Being asked and he having nothing to say why the judgment of the law should not be pronounced against him, the Court pronounced Judgment as follows". It further appears that at the time of sentencing the defendant was represented by counsel. The stenographic minutes of the 1934 proceedings are not before this court. As we have stated on numerous occasions the failure of compliance does not vitiate the judgment of conviction but entitled the prisoner to resentencing after compliance. The record further disclosed that a prior application for a writ of habeas corpus on the same grounds (Code Crim. Pro., § 480) had been granted, a hearing held at which the prisoner was present, after which the writ was dismissed. Order unanimously affirmed.

■ In the Matter of the Claim of FRANCIS DE LUCA, Respondent, v. GARRETT & Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board which found accident and causal relation in a heart case. On April 15, 1958 claimant went to work and early in the morning while climbing a ladder, slipped, falling to the floor and was struck in the chest "pretty hard" by the ladder and immediately thereafter felt chest pains. He left his employment, went home, a doctor was summoned who diagnosed his condition as "acute myocardial infarction". The doctor testified the man was very sick and it was some time before he was able to know what happened but as soon as he was informed of the incident he filed a report which was dated April 30. The plant superintendent of the employer testified that several days after April 15 the son of the claimant came to him and reported that when his father was able to speak, he said something about falling. The record as a whole substantiates the happening of the accident. The medical testimony was in dispute but was ample to support the finding that the incident aggravated and was a contributing factor in the myocardial infarction suffered by claimant. The credibility of the witnesses was solely for the decision of the board and having decided the facts in claimant's favor, there was substantial evidence to support such findings. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.